UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

SEAN MICHAEL RYAN,

                Plaintiff,                Case No. 1:14-cv-510

v.                                              Honorable Janet T. Neff

DEWEY WATKINS et al.,

                Defendants.
                                        /

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Simon, Ball, Huss, and Smith. The Court will serve the complaint, in part, against Defendant Watkins.

**Discussion**

I.   Factual allegations

Plaintiff Sean Michael Ryan is a state prisoner incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF). He sues the following MDOC employees at ICF: Officer Dewey Watkins, Assistant Resident Unit Supervisor (ARUS) (unknown) Simon, Resident Unit Manager (RUM) (unknown) Ball, Deputy Warden E. Huss, and Warden W. Smith.

According to the complaint, Plaintiff filed a lawsuit against Officer Watkins and other MDOC officials in 2013, which is still pending. *See Ryan v. Corizon Health Care et al.*, No. 1:13-cv-525 (W.D. Mich.). Since that time, Watkins has been making "snide comments" about Plaintiff and generally harassing him. (Compl., docket #1, Page ID#4.) Plaintiff complained about this harassment many times to the other Defendants, verbally and in prisoner kites. Apparently, they did not take action in response to his complaints.

On April 26, 2014, Officer Watkins came to Plaintiff's cell and threatened to "have someone kick [Plaintiff's] face into a bloody mess." (*Id.*) The next day, Defendant Watkins "yanked" Plaintiff's pants through the back of Plaintiff's cell door,[1] called Plaintiff a "rat bitch" (implying that Plaintiff "told on someone for something"), and threw the pants on the floor. (*Id.*) Another officer picked up Plaintiff's pants and put them on the back of the door. Later that day, Officer Watkins took the pants and had the unit porter throw them away. Plaintiff allegedly complained about the foregoing conduct to the other Defendants, but they took no action in response to Plaintiff's complaints.

---

[1] Plaintiff claims that he had put his pants into the crack along the cell door to block out excessive noise, which is "accepted practice." (Compl., docket #1, Page ID#4.)

Plaintiff claims that Defendant Watkins retaliated against him in violation of his First Amendment rights, took his property without due process, and intentionally inflicted emotional distress. Plaintiff further claims that the other Defendants are liable for failing to protect Plaintiff and for failing to adequately train, supervise and/or discipline their subordinates.

II.   <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility

standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Retaliation (First Amendment)

Plaintiff claims that Defendant Watkins threatened him with physical harm and destroyed his pants in retaliation for the lawsuit Plaintiff filed against him and/or for Plaintiff's complaints about him. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* At this stage of the proceedings, the Court concludes that Plaintiff's allegations are adequate to state a retaliation claim against Defendant Watkins.

### B. Due Process (Fourteenth Amendment)

Plaintiff also claims that Defendant Watkins deprived him of personal property without due process. Plaintiff's due process claim is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, a

person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Parratt*, 451 U.S. at 537. This rule applies to both negligent and intentional deprivation of property, as long as the deprivation was not done pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984). Because Plaintiff's claim is premised upon unauthorized acts of a state official, he must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479-80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his due-process claim. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Plaintiff has not sustained his burden in this case. Plaintiff has not alleged that state post-deprivation remedies are inadequate. Indeed, several post-deprivation remedies may have been available to him. First, a prisoner who incurs a loss through no fault of his own may petition the institution's Prisoner Benefit Fund for compensation. MDOC Policy Directive 04.07.112 ¶ B (effective Dec. 12, 2013). In addition, aggrieved prisoners may submit claims for property loss of less than $1,000 to the State Administrative Board. *See* Mich. Comp. Laws § 600.6419; MDOC Policy Directive 03.02.131 (effective Oct. 21, 2013). Alternatively, Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state and any of its departments, commissions, boards, institutions, arms, or agencies." Mich. Comp. Laws § 600.6419(1)(a). The Sixth Circuit specifically has held that Michigan provides adequate post-deprivation remedies for the deprivation of property. *See Copeland*, 57 F.3d at 480 (citing Mich. Comp. Laws § 600.2920,

which provides for a civil action to recover possession of or damages for goods and chattels unlawfully taken or detained, and Mich. Comp. Laws § 600.6401, the Michigan Court of Claims Act, which establishes a procedure to compensate for alleged unjustifiable acts of state officials). Plaintiff does not allege any reason why any of the foregoing remedies would not afford him complete relief for the deprivation of his personal property. Accordingly, Plaintiff's due process claim will be dismissed.

### C. Physical safety (Eighth Amendment)

#### *1. Verbal harassment*

Defendant Watkins allegedly called Plaintiff a "rat bitch" and verbally threatened to have someone else harm him. The use of harassing or degrading language by a prison official, although unprofessional and deplorable, does not rise to constitutional dimensions. *See Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits); *Violett v. Reynolds,* No. 02-6366, 2003 WL 22097827, at *3 (6th Cir. Sept. 5, 2003) (verbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim); *Thaddeus-X v. Langley*, No. 96-1282, 1997 WL 205604, at *1 (6th Cir. Apr. 24, 1997) (verbal harassment is insufficient to state a claim); *Murray v. U.S. Bureau of Prisons*, No. 95-5204, 1997 WL 34677, at *3 (6th Cir. Jan. 28, 1997) ("Although we do not condone the alleged statements, the Eighth Amendment does not afford us the power to correct every action, statement or attitude of a prison official with which we might disagree."); *Clark v. Turner*, No. 96-3265, 1996 WL 721798, at *2 (6th Cir. Dec. 13, 1996) ("Verbal harassment and idle threats are generally not sufficient to constitute an invasion of an inmate's constitutional rights."); *Brown v.*

*Toombs*, No. 92-1756, 1993 WL 11882 (6th Cir. Jan. 21, 1993) ("Brown's allegation that a corrections officer used derogatory language and insulting racial epithets is insufficient to support his claim under the Eighth Amendment."). Accordingly, Plaintiff fails to state an Eighth Amendment claim against Defendant Watkins arising from the alleged verbal threats and harassment.

### 2. *Failure to protect*

Plaintiff asserts that Defendants Simon, Ball, Huss, and Smith are liable for failing to protect Plaintiff. In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, directing that they may not use excessive physical force against prisoners and must also "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-527 (1984)). To establish liability under the Eighth Amendment for a claim based on a failure to prevent harm, the prisoner must show that he was subject to a "substantial risk of serious harm" and that the defendant exhibited "deliberate indifference" to that risk. *Farmer,* 511 U.S. at 834; *Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990); *McGhee v. Foltz*, 852 F.2d 876, 880-81 (6th Cir. 1988). To be deliberately indifferent, an "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Plaintiff alleges that Defendant Watkins verbally threatened to have someone else harm Plaintiff, called Plaintiff a "rat bitch," and destroyed Plaintiff's personal property. While such threats and conduct may be sufficient to deter a person of ordinary firmness from engaging in protected conduct, they do not permit a reasonable inference that Plaintiff was subject to a

substantial risk of serious harm, let alone that Defendants were aware of such a risk and deliberately ignored it. Plaintiff does not allege that Defendant Watkins ever physically harmed him in any way, or took any action in furtherance of his threat to have someone else harm Plaintiff. Absent additional circumstances indicating that Defendant Watkins was likely to actually harm Plaintiff, Defendant's verbal harassment and threatening statement are not sufficient to demonstrate a substantial risk to Plaintiff's safety. Thus, Plaintiff does not state an Eighth Amendment claim.

### D. Failure to Train or Supervise / Failure to Act

Defendants Simon, Ball, Huss, and Smith allegedly failed to supervise or train their subordinates, and failed to respond to Plaintiff's complaints about the actions of Defendant Watkins. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, and the liability of a supervisor cannot be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004); *see Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) ("[A] supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" (quoting *Hays v. Jefferson Cnty.*, 668 F.2d 869, 874 (6th Cir. 1982)). Moreover, § 1983 liability may not be imposed simply because a supervisor failed to act based upon information contained in a grievance. *See id*. "[A] plaintiff must plead that each

Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Simon, Ball, Huss, or Smith engaged or participated in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff does not state a due process or Eighth Amendment claim against Defendant Watkins, or any claim against Defendants Simon, Ball, Huss, and Smith. Thus, Defendants Simon, Ball, Huss, and Smith, will be dismissed for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will allow service of the complaint, in part, against Defendant Watkins, because the Court concludes that Plaintiff states a possible retaliation claim against him.[2]

An Order consistent with this Opinion will be entered.


Dated: July 17, 2014                         /s/ Janet T. Neff
                                             Janet T. Neff
                                             United States District Judge

---

[2] The Court does not express an opinion as to whether Plaintiff states other claims against Defendant Watkins that are not discussed herein.