UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN MICHAEL RYAN,

    Plaintiff,                               Hon. Janet T. Neff

v.                                             Case No. 1:14-CV-510

DEWEY WATKINS, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion for Preliminary Injunction. (Dkt. #9). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**.

Injunctive relief is "an extraordinary remedy which should be granted only if. . .the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001) (citations omitted). If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000).

Rather than prerequisites which must each be satisfied, the relevant factors, none of which are dispositive, are competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997); *Michigan Bell Telephone Co. v. MFS Intelenet of Michigan, Inc.*, 16 F.Supp.2d 828, 831 (W.D.Mich. 1998). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118 (the "most significant single component" in the decision whether to grant injunctive relief "is the court's discretion") (citations omitted).

Plaintiff alleges that Defendant Watkins "is continuing to retaliate against me" by tampering with his food, withholding supplies, and subjecting him to threats and verbal abuse. Plaintiff, therefore, requests that the Court enter an Order "to keep Defendant Watkins from having any and all interaction with Plaintiff." Plaintiff has failed to demonstrate that he is likely to prevail on any claim he might assert regarding the Watkins' alleged conduct. Plaintiff has likewise failed to demonstrate that Watkins' alleged conduct is preventing him from prosecuting the present action. Plaintiff has failed to demonstrate that his legal remedies are insufficient to remedy any injury he might suffer as a result of Watkins' alleged conduct. Finally, the public interest is not served by judicial interference in the management of a correctional institution in the absence of evidence justifying such. Accordingly, the undersigned recommends that Plaintiff's Motion for Preliminary Injunction be **denied**.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Preliminary Injunction, (Dkt. #9), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                    Respectfully submitted,

Date: November 7, 2014                           /s/ Ellen S. Carmody
                                                  ELLEN S. CARMODY
                                                  United States Magistrate Judge