UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN RYAN,

       Plaintiff,                                      Hon. Janet T. Neff

v.                                                      Case No. 1:14-cv-510

DEWEY WATKINS, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Watkins' Motion for Summary Judgment. (Dkt. #20). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted in part and denied in part** and this action **dismissed**.

## BACKGROUND

Plaintiff initiated the present action on May 8, 2014, alleging that several prison officials violated his First, Eighth, and Fourteenth Amendment rights. Plaintiff's claims were dismissed on screening save Plaintiff's First Amendment retaliation claim against Officer Dewey Watkins. With respect to this claim, Plaintiff alleges the following. On April 26, 2014, Watkins threatened Plaintiff that he would "have someone kick [Plaintiff's] face into a bloody mess." On April 27, 2014, Watkins instructed a unit porter to discard a pair of pants that Plaintiff had stuffed in his cell door. Plaintiff alleges that Defendant Watkins took these actions as retaliation for a separate lawsuit Plaintiff was then

pursuing against several individuals including Watkins. Defendant Watkins now moves for summary judgment on the ground that Plaintiff has failed to properly exhaust his administrative remedies.

## **LEGAL STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir.

2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains

evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

**I.      Exhaustion**

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Id.* With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

Michigan Department of Corrections Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody. Prior to submitting a grievance, a prisoner is required to "attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue, unless prevented by circumstances beyond his/her control or if the issue falls within the jurisdiction of the Internal Affairs Division in Operations Support Administration." Mich. Dep't of Corr. Policy Directive 03.02.130 ¶ P. If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance. *Id.* The grievance policy provides the following directions for completing grievance forms: "The issues should be stated briefly but concisely. Information provided is to be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places, and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R. The prisoner must submit the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ V.

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due. *Id.* at ¶ BB. If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III. *Id.* at ¶ FF. The Step III grievance must be submitted within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.*

MDOC policy also provides that if a prisoner "files an excessive number of grievances which are vague, duplicative, raise non-grievable issues, or contained prohibited language. . .or is found guilty of misconduct for filing an unfounded grievance" he may be placed on modified grievance access.

*Id.* at ¶ HH. While on modified grievance access, a prisoner "shall be able to obtain grievance forms only through the Step I Grievance Coordinator" who determines whether "the issue the prisoner. . .wishes to grieve is grievable and otherwise meets the criteria outlined in this policy." *Id.* at ¶ KK.

In support of the present motion, Defendant Watkins has submitted an affidavit executed by Clarice Lewis, the Grievance Coordinator at the Ionia Correctional Facility where Plaintiff was incarcerated during the relevant time period. (Dkt. #21, Exhibit 2). Lewis asserts that Plaintiff was on modified grievance status from March 21, 2014, through June 19, 2014. Lewis asserts that, consistent with MDOC Policy, she maintains all requests for grievance forms sent by prisoners on modified grievance status. Lewis further asserts that a review of her records reveals that Plaintiff did not submit a request for a grievance concerning the incidents giving rise to this action.

In response, Plaintiff has submitted an affidavit in which he asserts that on April 28, 2014, he did, in fact, submit a request for a grievance form. (Dkt. #30, Exhibit 1). Plaintiff has submitted a copy of the request he allegedly sent. (Dkt. #1, Exhibit 1). This request, however, references only the alleged incident on April 27, 2014, where Defendant Watkins instructed a porter to discard a pair of pants that Plaintiff had stuffed in his cell door. This grievance request makes absolutely no mention of the alleged incident on April 26, 2014, where Watkins threatened to have somebody assault Plaintiff. Thus, there exists a factual dispute whether Plaintiff sufficiently exhausted his administrative remedies with respect to the April 27, 2014 incident. As for the April 26, 2014 incident, however, Plaintiff has failed to present evidence to counter Grievance Coordinator Lewis' affidavit that Plaintiff did not request a grievance form regarding this issue. Accordingly, the undersigned recommends that Defendant Watkins' motion for summary judgment be granted as to the April 26, 2014 incident and denied with respect to the April 27, 2014 incident.

**II.        Failure to State a Claim**

While Defendant Watkins has not demonstrated that Plaintiff failed to properly exhaust the incident which allegedly occurred on April 27, 2014, this particular claim must be dismissed for a more fundamental reason. Because Plaintiff is proceeding as a pauper, his claims are subject to dismissal if such are frivolous, malicious, or fail to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2) ("the court shall dismiss the case at any time if the court determines that. . .the action or appeal. . .fails to state a claim on which relief may be granted").

To avoid dismissal for failure to state a claim, Plaintiff must allege in his complaint *facts* sufficient to "give the defendant fair notice of what the. . .claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must likewise articulate facts sufficient to allege a "plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere

>>possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

With respect to the April 27, 2014 incident, Plaintiff alleges that Defendant Watkins instructed a unit porter to discard a pair of Plaintiff's pants. Plaintiff alleges that Watkins did this in retaliation for a lawsuit Plaintiff previously filed against Watkins. To prevail on a claim of unlawful retaliation, Plaintiff must establish the following elements: (1) Plaintiff was engaged in constitutionally protected conduct, (2) Plaintiff suffered adverse action which would deter a person of "ordinary firmness" from continuing to engage in such protected conduct, and (3) there exists a causal connection between the protected conduct and the adverse action - in other words, the adverse action was motivated at least in part by Plaintiff's protected conduct. *See Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)).

Whether an alleged adverse action is sufficient to deter a person of ordinary firmness "is generally a question of fact," but when the alleged adverse action is "inconsequential, resulting in nothing more than a de minimis injury, the claim is properly dismissed as a matter of law. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583-84 (6th Cir. 2012). The alleged disposal of a pair of pants which Plaintiff had stuffed in his cell door is an inconsequential de minimis injury. Plaintiff's allegations are also insufficient to establish the necessary causal connection.

With respect to causation, courts recognize that retaliation is easy to allege and "is often very difficult to prove with direct evidence." *King v. Zamiara*, 680 F.3d 686, 695 (6th Cir. 2012). Nonetheless, "bare allegations of malice" are insufficient to state a constitutional claim, as Plaintiff must instead establish "that his protected conduct was a motivating factor" behind the allegedly retaliatory action taken. *Thaddeus-X*, 175 F.3d at 399 (citations omitted). Conclusory allegations of retaliatory

motive are insufficient, however. *See Skinner v. Bolden*, 89 Fed. Appx. 579, 579-80 (6th Cir., Mar. 12, 2004). Instead, Plaintiff must, at a minimum, allege a chronology of events from which retaliation can plausibly be inferred. *See Desmone v. Adams*, 1998 WL 702342 at *3 (6th Cir., Sep. 23, 1998); *Muhammad v. Close*, 379 F.3d 413, 417-18 (6th Cir. 2004). Plaintiff fails to allege facts from which a reasonable person could infer retaliatory motive. Instead, Plaintiff merely asserts the conclusion that Watkins acted with retaliatory motive. Accordingly, the undersigned recommends that this particular claim be dismissed for failure to state a claim on which relief may be granted.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Defendant Watkins' Motion for Summary Judgment</u>, (dkt. #20), be **granted in part and denied in part**. Specifically, the undersigned recommends that Defendant Watkins' motion for summary judgment be granted as to the April 26, 2014 incident and denied with respect to the April 27, 2014 incident. With respect to the April 27, 2014 incident, the undersigned recommends that this claim be dismissed for failure to state a claim on which relief may be granted and this action **dismissed**. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  June 12, 2015                                  /s/ Ellen S. Carmody
                                                     ELLEN S. CARMODY
                                                     United States Magistrate Judge